UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DENISE LUSTER-MALONE,

    Plaintiff,

    v.

COOK COUNTY,

    Defendant.

No. 16 C 2903

Judge Thomas M. Durkin

## ORDER

Plaintiff Denise Luster-Malone filed a *pro se* lawsuit against Cook County alleging that an arbitrator erroneously dismissed her complaint that Cook County politically discriminated against her in violation of the Supplemental Relief Order ("SRO") for Cook County entered in *Shakman v. Democratic Organization of Cook County*, 481 F. Supp. 1315, 1358 (N.D. Ill. 1979). Currently before the Court are Luster-Malone's objections to Magistrate Judge Schenkier's report and recommendation that Cook County's motion to dismiss Luster-Malone's complaint be granted. For the reasons stated below, the Court overrules Luster-Malone's objections [69], adopts Judge Schenkier's recommendation [65], and grants Cook County's motion to dismiss Luster-Malone's complaint [35].

## Background

The Court agrees with and adopts Judge Schenkier's statement of the facts (R. 65 at 2-7), and briefly recounts them here. Luster-Malone was discharged from her job as a stenographer at John H. Stroger, Jr. Hospital for gross insubordination

and falsifying time sheets. *Id.* at 2. She filed a grievance with her union in October 2009, which culminated in an arbitration hearing and decision in early 2011. *Id.* The arbitrator found that Stroger had just cause to terminate Luster-Malone for two offenses: (1) improperly requesting overtime pay on August 8, 2009; and (2) gross insubordination on September 21, 2009. R. 1-32. The arbitrator found no credible evidence that Luster-Malone performed work on August 8, 2009, and found credible evidence that Luster-Malone failed to comply with her supervisor's direction to perform a reasonable work assignment on September 21, 2009. *Id.* The arbitrator found "no support" for Luster-Malone's defense that she was being "set up," and he found her to be "far from a credible witness." *Id.* at 14.

Luster-Malone also filed charges with the Illinois Department of Human Resources ("IDHR) and the EEOC. The IDHR dismissed those charges in July 2011, finding a lack of substantial evidence supporting Luster-Malone's allegations that she was dismissed due to a disability (morbid obesity) or in retaliation for her charges of discrimination. R. 1-19.

Finally, Luster-Malone submitted dozens of complaints to the Office of the Cook County Complaint Administrator from 2009 through 2012 alleging that other Stroger employees committed worse offenses and kept their jobs because of their political connections. Pursuant to the *Shakman* SRO, the Office of the Independent Inspector General ("OIIG") investigated Luster-Malone's claims and issued a report denying them in May 2014. *See* R. 1-1 at 2. Luster-Malone challenged that determination in a complaint filed with the State's Attorney's Office. An arbitrator

granted a motion to dismiss that complaint in February 2016 after briefing by the parties. R. 1-1. The arbitrator gave two bases for his rulings: (1) that Luster-Malone's claim was foreclosed based on the just cause determinations in the 2011 arbitration, which constituted non-political reasons for Luster-Malone's termination and precluded liability on the part of Cook County under the *Shakman* SRO; and (2) that Luster-Malone's request for arbitration was untimely because it was filed more than 45 days after the OIIG report. *Id.*

Luster-Malone filed a *pro se* complaint in this Court one month after the arbitrator's 2016 ruling asserting a claim of political discrimination. R. 1. The Court granted Luster-Malone's motion for appointment of counsel, but after assigned counsel withdrew due to "substantial and irreconcilable disagreement" with Luster-Malone, the Court did not appoint another attorney. R. 14; R. 31; R. 34.

The case was subsequently reassigned to Judge Schenkier pursuant to the SRO for all proceedings including final judgment. R. 40. Judge Schenkier issued an order dismissing the case on November 14, 2017. R. 49. Luster-Malone appealed.

The Seventh Circuit dismissed Luster-Malone's appeal, explaining that absent consent of all parties, a magistrate judge's ruling may not be directly appealed to the court of appeals, and Cook County had not consented. R. 58. This Court then referred the case to Judge Schenkier for a report and recommendation. R. 63. Judge Schenkier issued a report and recommendation that Cook County's motion to dismiss be granted on May 22, 2018. R. 65. After the Court granted an

3

extension of time, Luster-Malone submitted objections on July 5, 2018 (R. 69), to which Cook County responded (R. 74), and Luster-Malone submitted a reply (R. 79).

**Standard**

Under Federal Rule of Civil Procedure 72(b)(2), after a magistrate judge issues a report and recommendation, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." "Rule 72(b) of the Federal Rules of Civil Procedure requires a party that disagrees with a magistrate judge's report and recommendation on a dispositive motion to file 'written, specific objections' to the report." *Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). Typically, a district court reviews a magistrate's report and recommendation for clear error. Fed. R. Civ. P. 72(a). But a district court reviews *de novo* "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "Being persuaded by the magistrate judge's reasoning, even after reviewing the case independently, is perfectly consistent with *de novo* review." *Mendez v. Republic Bank,* 725 F.3d 651, 661 (7th Cir. 2013). That said, "[t]he magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 760 (7th Cir. 2009).

**Discussion**

Luster-Malone does not raise a proper and specific objection to Judge Schenkier's report and recommendation. Rather, she submits and describes

4

numerous documents in an attempt to relitigate before this Court the merits of her time sheet and insubordination issues at Stroger. Because Luster-Malone has not submitted proper and specific objections, the Court reviews Judge Schenkier's report and recommendation for clear error. Fed. R. Civ. P. 72(a). The Court notes, however, that it would reach the same conclusions on *de novo* review.

Judge Schenkier began by properly finding that any free-standing political discrimination claim would be untimely because Luster Malone had a choice under the SRO between filing a lawsuit or filing an OIIG complaint followed by arbitration, and she chose the latter route. R. 65 at 8. But Judge Schenkier read Luster-Malone's *pro se* complaint liberally as also seeking to vacate the arbitrator's 2016 decision dismissing her SRO complaint—a challenge that is timely. As Judge Schenkier explained, this Court's review of the 2016 decision based on the SRO is "extremely limited," and Luster-Malone faces a substantial burden to prove that it should be vacated. *E.g.*, *Shakman v. Democratic Organization of Cook County*, 2017 WL 962762, at *3 (N.D. Ill. Mar. 9, 2017). "Because the parties to an arbitration did not bargain for a judicial determination, a reviewing court cannot set aside an arbitration award because of errors in judgment or mistakes of law or fact, unless they are gross errors apparent on the face of the award." *Id.*

Judge Schenkier recommended that Cook County's motion to dismiss be granted, finding no gross error in either of the alternative bases the arbitrator gave for dismissing Luster-Malone's complaint in 2016. This Court agrees with Judge Schenkier's reasoning.

*First*, the Court agrees with Judge Schenkier and the 2016 arbitrator that Cook County's liability is precluded based on the findings in the 2011 arbitration. The Seventh Circuit in *Brown v. Cook County*, 661 F.3d 333 (7th Cir. 2011), held that "[i]f all that's charged is discrimination on political grounds, *any* nonpolitical ground that the defendant can prove would have caused the discrimination regardless of the presence of political hostility will preclude liability." *Id.* at 337 (emphasis in original). Judge Schenkier and the 2016 arbitrator correctly reasoned that the findings of two non-political, just causes for Luster-Malone's termination in 2011 precluded Cook County's liability for political discrimination. Luster-Malone has not shown any gross error in that determination.

*Second*, this Court agrees with Judge Schenkier that Luster-Malone has failed to show gross error in the 2016 arbitrator's decision that Luster-Malone's request for arbitration was untimely. The arbitrator found that Luster-Malone had not disputed when briefing the motion to dismiss that she was a day late in making her filing with the state's attorney. R. 1-1 at 5. In this Court, Luster-Malone has not provided a clear explanation for missing the deadline or shown why the arbitrator committed gross error in enforcing it.

In her objection and reply, Luster-Malone contends that her case has never been fully adjudicated. She seeks to relitigate the merits of her claims arbitrated in 2011 before this Court based on documentation regarding her timekeeping and insubordination in 2009. Contrary to her claim that her case has never been fully adjudicated, however, Luster-Malone's complaints regarding her termination have

6

been addressed in numerous proceedings, including the 2011 arbitration hearing and subsequent opinion (which weighed Luster-Malone's credibility and made well-documented findings of just cause for terminating Luster-Malone), before the IDHR (which resulted in dismissal based on a finding of lack of substantial evidence supporting Luster-Malone's claims), in the 2016 arbitration proceedings (which resulted in dismissal based on the findings in the 2011 arbitration and for untimeliness). This Court's jurisdiction at this stage of proceedings is carefully circumscribed. The Court may only review for error Judge Schenkier's report and recommendation, which reviewed the 2016 arbitration dismissal addressing Luster-Malone's claims under the SRO. And the Court finds that Luster-Malone has presented no valid objection to Judge Schenkier's well-reasoned report and recommendation.

## Conclusion

For the foregoing reasons, the Court adopts Judge Schenkier's recommendation [65] and grants Cook County's motion to dismiss Luster-Malone's complaint [35].

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: October 23, 2018